IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEWART, *et al.*, ) | CASE NO. 1:13-CV-01535 |
| ) | |
| Plaintiffs, ) | JUDGE LESLEY WELLS |
| ) | |
| v. ) | |
| ) | MAGISTRATE JUDGE |
| X-TREME ELECTRIC SCOOTERS, *et al.*, ) | NANCY A. VECCHIARELLI |
| ) | |
| Defendants. ) | **Report and Recommendation** |

This case is before the undersigned United States Magistrate Judge on referral for supervision of all discovery and other pretrial matters. (Doc. No. 19.) The issue before the Court is whether Defendant X-Treme Electric Scooters ("Defendant X-Treme") should be dismissed from this case for failure of service. For the reasons set forth below, the Magistrate Judge recommends that the entry of default against Defendant X-Treme be vacated and the claims against it be dismissed.

## I. Background

On July 16, 2013, Plaintiffs Alden and Susan Stewart, as parents and natural guardians of their minor son, R.S., ("Plaintiffs") filed a complaint (the "Complaint") against Defendant X-Treme and Green Max Distributors, Inc. ("Green Max"), formerly known as Alpha Products International ("Alpha"). (Doc. No. 1.) The Complaint alleges, *inter alia,* that Defendant X-Treme and Green Max are liable to Plaintiffs for injuries caused to R.S. during his use of an X-Treme Electric Scooter (the "Scooter"). Plaintiffs allege that they purchased the Scooter through Alpha dba X-Treme Scooters on or about March 20, 2009. (Complaint, Doc. No. 1 at ¶ 14.) At that time, Green Max had not yet been formed. (*Id.*)

On September 16, 2013, Green Max answered Plaintiffs' Complaint. Defendant

X-Treme did not file an answer or otherwise respond to the Complaint, and on January 27, 2014, the Clerk entered default against Defendant X-Treme pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 11.)

The undersigned Magistrate Judge conducted a case management conference ("CMC") in this matter on July 15, 2014. (*See* Doc. Nos. 20, 21.) Plaintiffs, their attorney, and an attorney for Green Max were present. A party representative from Green Max did not attend, nor did an attorney or representative for Defendant X-Treme appear. At the conference, there was some discussion of whether Green Max could be held liable to Plaintiffs if Plaintiffs purchased the Scooter before Green Max existed. Counsel for Green Max informed the Court that Green Max's sole business transaction with Alpha was to acquire some of Alpha's inventory prior to its dissolution, and therefore Green Max did not assume any liabilities of Alpha and could not be liable to Plaintiffs. Prior to the CMC, Green Max had filed a motion for judgment on the pleadings for lack of personal jurisdiction. The Court indicated at the CMC that it would permit initial discovery on the issues of successor liability, personal jurisdiction, and whether Defendant Green Max could be held liable to Plaintiffs if Plaintiffs purchased the Scooter in March 2009 and if Green Max was not incorporated until January 2010. (*See* Doc. No. 20.) The Court further indicated that it would consider Green Max's motion for judgment on the pleadings as a partial motion for summary judgment. (*See id.*)

Plaintiffs did not respond to Green Max's motion for judgment on the pleadings, but rather filed a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1) on September 19, 2014. (Doc. No. 24.) District Judge Lesley Wells subsequently issued an order indicating that Green Max was voluntarily dismissed without

prejudice and that the case would proceed against Defendant X-Treme. (Doc. No. 25.) The undersigned thereafter issued an order requiring Plaintiffs to either file and submit an appropriate motion and evidence with respect to damages against Defendant X-Treme, or file a dismissal of the claims against X-Treme. (Doc. No. 26.) Plaintiffs did neither. Instead, on October 7, 2014, Plaintiffs' attorney, Robert A. Pecchio ("Attorney Pecchio"), filed a motion to withdraw as counsel for Plaintiffs. (Doc. No. 27.) The Court then held a hearing to consider Attorney Pecchio's motion, at which Plaintiffs failed to appear despite being ordered by the Court to do so. (Doc. No. 28.) Because Plaintiffs failed to appear, the Court did not consider the motion to withdraw. The Court did, however, discuss with Attorney Pecchio the issue of whether proper service was made on Defendant X-Treme and ordered Attorney Pecchio to file a brief on behalf of Plaintiffs addressing this issue. On November 5, 2013, Attorney Pecchio filed a Brief in Support of Service of Process of X-Treme Scooters. (Doc. No. 25). The Court is now in a position to determine whether this action should proceed against Defendant X-Treme.[1]

## II. Discussion

Rule 55(a) of the Federal Rules of Civil Procedure provides:

---

[1] Due to Plaintiffs' unexplained failure to appear at the motion hearing on October 22, 2014, the Court set a show causing hearing for November 7, 2014, to address Attorney Pecchio's motion to withdraw as counsel as well as the issue of whether Defendant X-Treme should be dismissed from this action for failure of service. (*See* Doc. No. 33.) One day prior to the hearing, Plaintiffs notified the Court that they would be unable to attend the show cause hearing due to car trouble and assured the Court they would be available the following week. The Court rescheduled the hearing for November 13, 2014. Three hours before the scheduled time for the show cause hearing, Plaintiffs filed a *pro se* motion to continue the hearing. The Court denied the motion to continue and granted Attorney Pecchio's motion to withdraw as counsel. (Doc. No. 38.) Plaintiffs are now proceeding *pro se* in this matter.

> Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55. There must be effective service of process on a defendant before an entry of default can be made, however. Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant. A plaintiff may perfect service on a corporation by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). If a defendant is not served within 120 days after the filing of the complaint, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time, unless the plaintiff shows good cause for the failure of service. Fed. R. Civ. P. 4(m).

Here, Plaintiffs maintain that they have perfected service on Defendant X-Treme by serving Green Max. Plaintiffs' argument fails for several reasons. First, Plaintiffs have failed to show that their summons and complaint were received by an officer or agent authorized to receive service on behalf of X-Treme. Plaintiffs addressed their summons and complaint to the following:

> X-Treme Scooters
> c/o Green Max Distributors, Inc.
> Business Filing Incorporated
> 505 Union Ave, SE Ste. 120
> Olympia, WA 95801

The docket reflects that the documents were received by "Service of Process Department - July 26, 2013 - Olympia, Washington." (*See* Doc. No. 4.) While it appears that Plaintiffs' summons and complaint were received by someone at the above address, there is no

4

indication that the documents were served on an officer, a managing or general agent, or any other agent authorized by law to receive service of process on behalf of X-Treme, as required by Fed. R. Civ. P. 4. Plaintiffs maintain that "the statutory agent for Green Max was served process on behalf of its subsidiary corporations." (Plaintiff's Brief in Support of Service of Process on Defendant, X-Treme Electric Scooters ("Plaintiffs' Brief"), Doc. No. 35 at 2.) As a general rule, however, "the mere existence of a parent-subsidiary relationship, without a more definite showing of the parent's control of the subsidiary, will not suffice to permit service of process on the subsidiary through the parent corporation." 62B Am. Jur. 2d Process § 255. Plaintiffs have offered no evidence whatsoever to support their blanket assertion that X-Treme was a subsidiary of Green Max. Furthermore, even if X-Treme is a subsidiary of Green Max, Plaintiffs have failed to provide any legal support for their conclusion that service on Green Max constituted proper service on X-Treme due to special circumstances surrounding the parent's control of its subsidiary.

In addition to arguing, in a perfunctory manner, that X-Treme is a subsidiary of Green Max, Plaintiffs also maintain that Green Max and X-Treme are essentially one in the same. According to Plaintiffs, Green Max: holds itself out to consumers as being the current distributor for X-Treme; responded on behalf of X-Treme in this lawsuit; engaged in pre-suit claim and settlement discussions with Plaintiffs; and purported to honor the warranties and claims arising out of the use of X-Treme's products. (*See* Plaintiffs' Brief at 2.) Plaintiffs conclude that for these reasons, "Green Max Distributors and Alpha Products, Inc./X-Treme Electric Scooters is, for all intents and purposes, the same business entity." (*Id.*) The Court disagrees. In its answer–aptly titled "Answer of Defendant Green Max Distributors, Inc."–Green Max denies that it is a manufacturer or

supplier of the Scooter or its related parts and components. (Answer of Defendant Green Max Distributors, Inc. ("Answer"), Doc. No. 7 at ¶ 10.) Green Max further denies that it "designed, researched, formulated, tested, inspected, manufactured, produced, created, made, constructed, assembled, equipped, prepared[,] packaged, labeled, supplied, distributed, marketed, or sold the X-Treme Electric Scooter." (*Id.* at ¶ 9.) In its Answer, Green Max explicitly states that it is not owned by the manufacturer of the X-Treme Electric Scooter, nor does it own the manufacturer of the X-Treme Electric Scooter. (*Id.* at 41.) Thus, Green Max's Answer makes clear that the company was responding only on behalf of itself and not X-Treme.

Moreover, Plaintiffs voluntarily dismissed their claims against Green Max in September 2014. (*See* Doc. No. 24.) Thus, Plaintiffs' argument that Green Max and X-Treme are "the same business entity" is nonsensical: If Green Max and X-Treme are one in the same, Plaintiffs have offered this Court no explanation as to why the case should proceed against X-Treme but not Green Max. Even more confusing is Plaintiffs argument in their Brief that "Green Max responded on behalf of X-Treme." (Plaintiffs' Brief at 2.) If that was the case, Plaintiffs should not have motioned for default to be entered against X-Treme for failure to defend, and Plaintiffs' voluntary dismissal of Green Max should have been a dismissal of all claims against X-Treme as well.

On October 15, 2014, the Court received a letter from National Registered Agents, Inc., indicating that it had no record of X-Treme being listed with the State Authority. (*See* Doc. No. 29.) On October 28, 2014, the Court received a letter from C T Corporation System stating that X-Treme was not listed on the records of the State of Washington. (*See* Doc. No. 36.) Plaintiffs acknowledge that X-Treme has no "existing business and no

6

listed statutory agent." (Plaintiffs' Brief at 2.)  Now, in order to show that X-Treme was properly served, Plaintiffs draw the illogical conclusion that Green Max and X-Treme are essentially the same entity, despite the fact that Plaintiffs have already sought a default judgment against X-Treme for its failure to answer and voluntarily dismissed Green Max from the case.  Plaintiffs have failed to show that they have perfected service on X-Treme by mailing their summons and complaint to "X-Treme Scooters c/o Green Max Distributors, Inc."  Because the Court may set aside an entry of default for good cause, see Fed. R. Civ. P. 55(c), and Plaintiffs failed to properly serve X-Treme within 120 days from the filing of Plaintiffs' Complaint,[2] the undersigned recommends that the default against X-Treme be vacated and that X-Treme be dismissed from this case.

### III.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the default against Defendant X-Treme be vacated and that X-Treme be dismissed from this case for failure of service.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: November 18, 2014

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**

---

[2] Plaintiffs filed the Complaint on July 16, 2013.  (Doc. No. 1.)  Accordingly, absent good cause shown, proper service of Defendant X-Treme should have been executed no later than November 13, 2013.